# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11-cv-11 | **DATE** | 2/8/11 |
| **CASE TITLE** | Hall v. CSX Railroad Transportation | | |

**DOCKET ENTRY TEXT**

Plaintiff's Complaint fails to state a claim for relief. Accordingly, the Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and Plaintiff's *In Forma Pauperis Application* [4] is denied. All other motions are denied as moot. See statement below.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

On January 3, 2011, Plaintiff Daryl W. Hall filed a Complaint of Employment Discrimination, using this district court's fill-in-the-blank form for *pro se* litigants. Plaintiff checked a box indicating that he was denied employment by Defendant and another box indicating that Defendant discriminated against him on the basis of his age in violation of the Age Discrimination in Employment Act ("ADEA"). He lists the facts supporting his claim as follows:

> I applied at CSX Railroad on-line application site. The positions that I applied for were positions that I have a lot of experience in. Fax in a copy of my resume and they still wouldn't hire me.

Compl. ¶ 13. The particulars in the Charge of Discrimination attached to his Complaint similarly state as follows:

> I have been applying for positions with Respondent since in or around August 2010. I have not been selected for an interview.
>
> I believe that I have been discriminated against because of my age, 53 (DOB: October 4, 1956), in violation of the Age Discrimination in Employment Act of 1967, as amended.

Ex. to Compl.

Plaintiff did not pay the $350 filing fee. Instead, he filed his Complaint with an application to proceed *in forma pauperis* and a motion for appointment of counsel.

If a court is presented with a case submitted with a request to proceed *in forma pauperis*, it is obligated to dismiss the case if it determines at any time that the action fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The court applies the same standard it would use to rule

| STATEMENT |
|---|

on a Rule 12(b)(6) motion to dismiss. *See DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). The court views the complaint's allegations in a light most favorable to the plaintiff, draws all reasonable inferences in favor of the plaintiff, and takes as true all well-pleaded facts and allegations in the complaint. *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to provide the defendant with fair notice of the plaintiff's claims and the grounds upon which they rest. *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*). To survive a motion to dismiss, the plaintiff's claim must be plausible and the factual allegations of the complaint must be "enough to raise a right to relief above the speculative level." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). Pursuant to these requirements, to state a claim for failure to hire under the ADEA, Plaintiff must allege: (1) that he is over 40 years old; (2) that he applied for a position for which the employer was seeking applications and for which he was qualified; (3) that he was not hired; and (4) that a younger person was hired. *Kastel v. Winnetka Bd. of Educ., Dist. 36*, 946 F. Supp. 1329, 1334 (N.D. Ill. 1996) (citing *Caldwell v. Nat'l Ass'n of Home Builders*, 771 F.2d 1051, 1056 n.2 (7th Cir. 1985)).

     Plaintiff's claim here falls short of alleging sufficient facts that plausibly show he was denied employment on the basis of his age. He simply alleges that he applied for a job for which he believes he is qualified and did not receive any response from Defendant. He does not allege that Defendant was accepting applications for the position he believes he is qualified to fill, and he does not allege that a younger person was hired for that position.

     Because Plaintiff's Complaint fails to state a claim upon which relief may be granted, the Court denies his *In Forma Pauperis* Application and dismisses his Complaint without prejudice.